No. 83.—EDWARD CAREY, assignee, &c. plaintiff in error, *vs.* SEABORN JONES and others, defendants.

[1.] In general, if a fact is charged in a bill which is within the defendant's knowledge, as if it is done by himself, he must answer *positively* and not according to his *remembrance* or *belief*. This is not an invariable rule, and every case must depend in some degree on its circumstances.

[2.] An exception to the rule is in cases where the fact charged is not recent, that is, has not accrued within six years. The answer in this case held sufficient.

In Equity, in Muscogee Superior Court. Exceptions to answer. Decision by Judge ALEXANDER, May Term, 1850.

This was a bill filed by Edward Carey, as assignee of the Bank of Columbus, against the stockholders of the Chattahoochee Rail Road & Banking Co. and alleged that Seaborn Jones and others became subscribers for stock, and held and owned certain shares in said company, going on to specify them; and then alleged "that the aforesaid persons were stockholders, each to the amount before stated, on the 1st day of April, 1841, and continued such until the corporation was dissolved in 1843."

Jones, in his answer, stated that he did promise in 1838 to subscribe for 300 shares of stock in the company, and to give a mortgage to secure the payment thereof, but according to his recollection and belief, he never did subscribe for the same or any number of shares, nor did he give any mortgage to secure the same, as the commissioners appointed failed to call on him for his subscription; that he never paid in any thing on any shares, and has no recollection that he ever subscribed for any shares.

This answer was excepted to as insufficient in not answering the allegations above recited. The Court overruled the exceptions, and this decision is assigned for error.

W. DOUGHERTY, for plaintiff in error.

H. L. BENNING, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

We are of the opinion that the answer is full enough, and that

the exceptions to it were well overruled.   The charges in the bill said not to be answered, are the following :   " The following persons, all of said County,  became  subscribers for stock, and held and owned five thousand, six  hundred and  forty shares  in said company, in the following proportions, to wit :   Seaborn Jones, three hundred shares."

This charge, to individualise it, is this : "Seaborn Jones became a subscriber for stock, and held and owned three hundred shares in said company."

Again the bill charges, " that the aforesaid persons (a long list of defendants named, and among them Col. Jones)  were stockholders, each to the amount of shares before stated, on the 1st day of April, 1841, and continued to be stockholders until the said corporation was dissolved."

To individualise again, this charge is this:  " The aforesaid Seaborn Jones was a stockholder to the amount of shares before stated, on the 1st day of April, 1841, and continued to be a stockholder until said corporation was dissolved."

The plaintiff in error contends that the former of these charges is not fully answered, and that the latter is not answered at all. Before adverting to the answer of Col. Jones, it will be well to enquire what is the law as to the fulness of answers in Chancery.

[1.] If a defendant does not demur or plead to a bill, he must answer.   The plaintiff is entitled to a discovery from the defendant, of all matters charged in the bill, which are necessary or proper to ascertain facts material to his case, and to enable him to obtain a decree ;  and he must answer fully.   What is a full answer, is not, and in the nature of the case cannot be, tested by any invariable rule.   " In general," says Mr. *Story*, " if a fact is charged, which is within the defendants own knowledge, as if it is done by himself, he must answer positively, and not to his remembrance or belief, at least if it is stated to have happened within six years before."   *Story's Eq. Plead.* §854.

In this case—the fact charged—the subscription to the stock of this company must be considered as within the knowledge of the defendant, because it is an act charged to be done by himself. The above general rule is, therefore, applicable to this case.   As to *recent* facts within his knowledge, the defendant must answer positively, and not on belief.   Writers, however, on Equity Practice admit that there is great practical difficulty on this head.

Even when the fact charged is recent, the defendant is not always required to answer it literally as laid.   The answer must meet, however, the statement in the bill.   There must be no evasion—no evidence of any thing withheld.   It must be manifest that the answer is *ex animo.*

[2.] One exception to the rule is, the remoteness of the fact or act charged.   It is not *recent*, unless it has occurred within seven years, according to Lord *Clarendon*—six years, according to the text of *Story.*   The defendant in this case is entitled to the benefit of this qualification of the rule.   The fact is charged to have occurred more than six years before the service of the bill on Col. Jones.   Where the fact is recent, Judge *Story* says, "although the answer must meet, in some way or other, every statement in the bill, and the defendant is required to speak " to the best of his knowledge, remembrance, information and belief," yet, there will be partial admissions and denials of every shade and character—some delivered in terms of uncertainty—some mixed up with explanatory and qualifying circumstances, and some very loose and general in their language and import." *Equity Plead.* §854.   Again he says, " However, it is plain that no positive rule can fully provide for all the various difficulties in cases of this sort, and each case must, therefore, be decided upon its own circumstances." *Equity Plead.* §855.   See, *Cowp. Eq. Pl.* 314.   *Mitford's Eq. Pl. by Jeremy*, 309, 310.   2 *Daniel's Ch. R.* 257.   1 *Paige's R.* 406.   3 *Ibid*, 210.   1 *Story's R.* 296.   3 *Ibid*, 590. 2 *Younge & Coll.* 3.

Although we are disposed to hold the rule with strictness, that when the fact is recent and within the defendant's knowledge, he must answer positively, yet we are compelled to say, upon authority, that it is not an unvarying rule.   This being so, and particularly as the facts charged in this case transpired a number of years before the bill was served, we do not feel constrained to apply it, but are at liberty to pass upon this case according to the circumstances.

Col. Jones, in his answer, states that according to his recollection and belief, in 1838, he promised that he would subscribe for stock in said company, and give a mortgage upon real estate to secure the payments on it—the number of shares he promised to subscribe for, he does not recollect—it might have been three hundred.   He then proceeds to say, " But this defendant, further

answering, says, that according to his recollection and belief, he never did subscribe for the same, or any number of shares, nor did he give any mortgage on any real or personal property to secure the payment of any shares, as the commissioners appointed to take subscriptions failed to call on this defendant to subscribe for the same, and to execute any mortgage to secure the payment of such subscriptions."

In the conclusion of his answer, he farther says, " that he himself never paid in any thing on any shares, and has no recollection that he ever subscribed for any shares," and these are all the responses of any kind made to the allegations of the bill, which I have before set forth. These responses, it is claimed, are not full enough to the first charge, and are no answer at all to the second. They are claimed not to be full enough, because upon recollection and belief, and not positively upon knowledge. The lapse of time will, in this case, justify an answer in this form, particularly when so full, as to explanatory facts and circumstances, as this is. It is not an impossible thing, that one engaged in various pursuits and conducting numerous forms of business, as Col. Jones, for ten years back, should find it impossible to swear positively about a transaction that must have transpired some ten or eleven years ago. With most men, no faculty is more treacherous than memory. Some regard must be paid to the conscience. Courts of Chancery will not force that, or force a party to hazard, unnecessarily, its violation. This answer seems on its face to be as full as the party can conscientiously make it—it seems not to be evasive—it develops facts in aid of its denial—it does not indicate any thing withheld. If this answer be contrary to the fact, there is as much perjury in it, as if it was positive upon the knowledge of the party. Whether it would be sufficient to dissolve an injunction, is a different question. We must believe that it is sufficient to overrule the exception founded on the first allegation in the bill above recited.

The second allegation, to wit: "the aforesaid Seaborn Jones was a stockholder to the amount of shares before stated, on the first day of April, 1841, and continued to be a stockholder until said corporation was dissolved," is claimed, by the plaintiff in error, to be a distinct, independent charge, that at that time, (April, 1841,) he was a stockholder, and continued so to be until the dissolution of the corporation, and requires a distinct answer. It is

argued, that if Col. Jones did not subscribe for stock, and was not the holder of stock, as first charged, yet, this being true, he might have been the holder of stock in 1841, by purchase, and that this charge was intended to meet just that state of the facts.    On the other hand, it is insisted that this charge is but a conclusion from the previous charge, and must be taken in connection with it.    The first charge, says the counsel, is that he (Jones) became a subscriber for stock, and held and owned three hundred shares; and the second avers that these three hundred shares, thus subscribed for, he held—that is, had not parted from, in 1841, nor up to the dissolution of the charter, and the denial, therefore, of the first charge, is also a denial of the second; and such we think the fair construction.  The last allegation refers to the shares mentioned in the first, in the words, "to the amount before stated"—that is, to the amount of three hundred shares, which he was before charged with being a subscriber for.    It is a conclusion drawn from the first charge—that conclusion is, having subscribed and held at the outset, 300 shares, he held the same in 1841, and up to the dissolution.   Eighteen hundred and forty one was the time at which the bill charges the insolvency of the corporation.    It was probably deemed important by the pleader, that he should aver that he was a stockholder at that time—that is to negative the idea, that he had before that time so parted with the stock as to protect him from liability.    This reasonably was the object of this last allegation.   The defendant could not be held to have understood it as a charge of having become the owner of *other* stock.    If intended to be a new charge, referring to other stock assigned to Col. Jones, we think the pleader would have used more distinct and definite words.    The pleadings are to be construed strictly against the pleader.    The answer to the first allegation is, we think, an answer to the second, and being held sufficient for the former, we hold it sufficient for the latter.

Let the judgment be affirmed.